**HARMON & SEIDMAN** LLC           ATTORNEYS AT LAW           *Practice Limited to Copyright Infringement*

October 11, 2013

Ms. Molly Dwyer
Clerk, United States Court of Appeals for the Ninth Circuit
James Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

     Re:  Supplemental Authority in *Bean v. Houghton Mifflin Harcourt Publishing Company*, Ninth Circuit Case No. 10-16771

Dear Ms. Dwyer,

     Pursuant to Fed. R. App. P. 28(j) and Ninth Circuit Rule 28-6, Plaintiff-Appellant Tom Bean ("Bean") respectfully submits that a decision issued four days ago by the United States Court of Appeals for the Seventh Circuit – *DeliverMed Holdings, LLC v. Schaltenbrand*, Nos. 12-3773, 12-3774, __F.3d__, 2013 WL 5524862 (7th Cir. Oct. 7, 2013) (copy attached hereto) – should inform this Court's consideration of whether Plaintiff's copyright registrations were valid under 17 U.S.C. § 411(b).

     The Court in *DeliverMed* reversed the district court's decision invalidating Plaintiff's copyright registration. The Seventh Circuit – the first circuit to address the 2008 amendment to § 411 – ruled that the lower court failed to comply with the procedure mandating formal consultation with the Register of Copyrights before invalidating Plaintiff's copyright registration. *DeliverMed* confirms the procedural two-step process for analyzing challenges to copyright registrations that requires courts obtain an advisory opinion from the Register of Copyrights on the issue whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration.[1]  The court concluded:

> Among other innovations, the most recent amendments to the Copyright Act instituted a new procedure for courts confronted with a registration allegedly obtained by knowing misstatements . . . . Recall that the Copyright Act provides for the invalidation of registrations where the registrant knowingly misrepresented information in his application and "the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(1)(A)(B).  Instead of relying solely on the court's own assessment of the Register's response to an inaccuracy, the statute

---

[1] *Id*. at *6.

| | | | |
|---|---|---|---|
| **Maurice Harmon** | Tel:  610-262-9288 | **Christopher Seidman** | Tel:  970-245-9075 |
| The Pennsville School | Fax: 610-262-9557 | 101 South 3rd St., Suite 265 | Fax: 970-245-8086 |
| 533 Walnut Drive | maurice@harmonseidman.com | PO Box 3207 | chris@harmonseidman.com |
| Northampton, PA 18067 | (Licensed in CO, PA) | Grand Junction, CO 81501 | (Licensed in CO, NY, CA) |

    obligates courts to obtain an opinion from the Register on the matter . . . .[2]

  Accordingly, here, Bean requests the Court find that the District Court erred in refusing to follow the § 411(b)(1) requirement that it ask the Register whether she would have refused registration had the authors and titles of the underlying work been included in the applications at issue.

  Briefing in this appeal was complete on April 11, 2011, and the Court held oral argument on July 27, 2011.  Parties in similar cases in this circuit, and others, are eager to learn of this Court's decision.

Regards,

s/ Maurice Harmon
Maurice Harmon
Counsel for Plaintiff-Appellant Tom Bean

[Filed and served via ECF]

---

[2] *Id.*